We move to the seventh case this morning, U.S. v. Williams. Good morning, Your Honors. May it please the Court, Adam Stevenson on behalf of Appellant Joseph Williams. Mr. Williams' case addresses a prior conviction of dealing in cocaine from the state of Indiana under the Armed Career Criminal Act. And there's been some significant changes in the landscape since Mr. Williams filed his opening brief on the issues of the divisibility of the statute as well as its fit or scope under the serious drug offense definition. I just want to briefly summarize those points. Starting with the most recent on the question of scope, Mr. Williams filed a motion to adjourn the oral argument today and to hold the case in abeyance because the Supreme Court accepted a case, Shuler v. United States. The question presented in Shuler is specifically whether the categorical approach applies to the serious drug offense definition under the ACCA. However, a natural part of that analysis will be the word involving and its interpretation and its import. What does involving mean when it relates to involving manufacturing or distribution of a controlled substance? That is an issue here. In a prior case, United States v. Anderson, before this Court in a non-precedential order, the Court determined that the Indiana Dealing in Cocaine Statute, which has four either acts or means or elements depending upon the divisibility, all four of those items were included under that auspice. And in fact, one of the cases cited in Anderson was United States v. Gibbs, a Third Circuit case involving Delaware's use of a body armor in furtherance of a felony case. And this Court cited that case as or for the proposition that involving was to be read so broadly as to include that case where that underlying felony was a qualifying drug offense. However, it is not listed in the statute. It is not a specific element based upon the text of that Delaware statute. And I think that's a great case in considering Shuler. If the Court determines that the categorical approach applies to the involving clause in the language that follows it, it's hard to see that Gibbs would remain appropriate law. Again, there is no element of a serious drug offense or one of the qualifying manufacturer distribution act elements. The case there involves a mental state element. But essentially, what is the import of involving? And is it read broadly? Is it read narrowly? Because the great weight of other cases that the Court cited in Anderson involved inchoate versions of otherwise qualifying crimes. Attempts to manufacture. Attempts to distribute. Conspiracy to distribute. It didn't involve items not necessarily directly involved with manufacture and distribute. I mean, the extension of the argument you're making, if you take it to the Indiana statute, regards the financing element, right? Correct. You may be right. I don't have a clue how the Court would come out on a body armor situation like in the third. But if this statute is indivisible, I mean, it's really hard for me to see how financing narcotics activity doesn't fit within the generic definition. The question, I think, and it will be influenced by the Court's analysis of what involving is. Does involving mean various forms of manufacturing and distributing? Because this does seem to be one step removed from that. This is not the direct manufacture or distribution. And, for example, in Voshua and Kibler, those are both unpublished Indiana Court of Appeals cases. However, there was a note that a financial interest was enough. There did not need to be direct involvement in the manufacture or distribution. So this appears to be removed from those specific possession or distribution manufacturing cases. Somebody who's intentionally financing manufacturing a conspirator? One could see that that would be a possible charge if chosen by the state. However, it would appear that since there is a separate conspiracy statute in Indiana, I do not know the statutory citation off the top of my head, that there would appear to be some potential differences. And in those cases, Kibler and Voshua, they did note that it was specifically having some financial interest. And there hasn't been much in the way of interpretation that counsel has been able to find with regard to specifically what that means. There was a case previously cited by this Court, Heisch, that did talk about and did consider in a sufficiency of the evidence context whether that particular case involved financing where an individual was simply acting as a purchaser. And it made an analogy to a grocery store customer somehow financing the operation of the grocery store. And it indicated that there was no evidence of financial interest in that particular case without really delving into the nature of that financial interest at play. So I think it is one step removed, or it is potentially outside of the scope, especially based upon what the Supreme Court would decide at Shuler. And to the question of divisibility, this Court has, both in Anderson but also in the presidential opinion of Smith, determined that the statute is divisible as to those four items. To the extent that Smith obviously remains good law, that does answer that question. I did want to just bring the Court's attention, as in the reply brief I indicated, to the case of Franklin and Sum, that case arising out of the state of Wisconsin, involving the burglary statute there. This Court dealt with the burglary statute and the locational phrasing in that statute, initially determining that those were independent elements as well. However, on panel rehearing requests, it actually certified that case to the Wisconsin Supreme Court that came to the contrary conclusion. And just recently, I don't believe this was directly cited in my brief, the Seventh Circuit did remand that case for resentencing of that one. Judge Paley and I are well aware of that. I'm glad to know. And so Mr. Williams would request that the Court consider that as well, where there is not the clear answer that Mathis would suggest, that being the state's highest court directly dealing with that question, given the potential scope and impact of that decision on state individuals as well as those with prior convictions in federal court. And is that the path you recommend in light of Smith? Excuse me? In light of Smith, you recommend that? In light of Smith, I do. In other words, if the panel is bound by Smith, then what? If the panel is bound by Smith, absent new information that would arise that would give doubt to Smith's holding, that would answer the divisibility question. I would submit that certification and a ruling from the highest court, the Indiana Supreme Court, would be that new information, again, should the answer be different. And so it is for that reason that we would request the Court consider certification on that particular point. And just last but not least, with regard to Mr. Williams' case specifically, there is insufficient clarity with regard to his specific conviction. And part of this does imply or does implicate the divisibility of the statute. Mr. Williams was initially charged with distribution of cocaine within 1,000 feet of a school. There was then a consolidated plea where he pled to a lesser included dealing in cocaine Class B felony. However, there's no factual information, no statutory citation, no specific indication to know, especially if that statute is divisible, which particular aspect of that statute, or excuse me, it is indivisible, which particular act component he was alleged to have committed. Mr. Stephenson, the problem I have with that argument is that we're here, we have to apply, or you have to satisfy the plain error standard. And an argument that, in essence, the record isn't sufficiently clear on a particular point to prove that the judgment is correct seems to me to flip the burden that would apply under plain error. I would think that it's the defendant's responsibility to show plain error and come forward with evidence that shows, no, this is definitely wrong. I would agree that it is the defendant's burden to make that and to meet that plain error standard. I think Mr. Williams meets that by showing that there is insufficient evidence to make a finding. All that is said is dealing in cocaine Class B felony, a lesser included. There is no factual information like any other statute. There's one additional point that in my mind is important. You might disagree with it. It expressly references count one of the information. And so when you go to count one of the information, as you well know, you have the Class B set up, or the statutory citation for the Class B, and then right under it you have the Class A aggravator, the school issue. And so when the plea agreement says he's pleading to the lesser included offense, I don't know what other conclusion to draw than that the aggravator is dropped. It just seems like, because I think Mr. Holler points out in his brief, what's the other option? I would agree that that is definitely a possibility. I think under Taylor, Shepard, and this court's opinion in Kerr-Yang, I think that's insufficient and that is delving close to, if not over, the line of judicial fact-finding or second-guessing of the state court's determination. Wait a minute. You're talking about second-guessing, though. We're talking here about an issue that was not raised in the district court where these issues could have been clarified, right? Correct, Your Honor. If there are no further questions, I reserve the remainder of my time. Thank you. Thank you, Counsel. Mr. Holler? Good morning, Your Honors, and may it please the Court. The defendant in this case has raised a legal claim and a factual claim. Smith directly resolves the legal claim against him, and in the government's view, Ramirez directly resolves the factual claim against him for the reasons that this Court has already explained. On the legal point, Smith holds that the statute is divisible, and therefore any violation of the dealing cocaine bee felony in Indiana law is a qualifying offense. In the government's view, it's coming in a reply brief after the Court has already dispositively decided that the statute qualifies and asking to certify it to the Indiana Supreme Court comes much too late. This case is on plain error review. This could have been raised at the district court or could have been raised in the opening brief and was not done so. There also hasn't been any outcry. There hasn't been anything, as far as we know, from Indiana prosecutors or defense attorneys suggesting that this is an incorrect interpretation of Indiana law, and both the Anderson and the Smith panels dealt with this, looked at these issues, and came to the same conclusion, which is that the Indiana Supreme Court and the published decisions of the Indiana Courts of Appeals have determined that these are, in fact, separate offenses, that these are elements and are not means, and there's therefore no reason for this panel to revisit that conclusion any more than, as we cited in our 28J letter, two other panels in Pasha and Woods summarily affirmed, rejecting similar claims that the panels in Smith and Anderson just got it wrong. So we believe that resolves the legal question without even getting into the whole separate alternative argument that Anderson found for why this would qualify, even if the statute wasn't divisible, in that regardless, all of the B felony statutes, 35-48-4-1, would qualify under a broader involving theory. For the reasons that the government explained in its 28J letter, we believe that even a defense, a pro-defendant ruling in Shuler would not cause any reason to doubt that result. I'm happy to talk about that further if the court has questions about it, but we believe the court doesn't even need to get there at all in light of Smith. And on the factual point, this case really is on all fours with Ramirez. The defendant said, hey, it's not clear from the PSR and from the trial court record as to whether or not my offense qualifies, and what the court said was, if the offense is divisible and the silent record leaves things up in the air, the defendant loses. That's 606F3rd at 399. So the same is true here. The defense loses. Actually, there's more in the record here, and for the reasons that Judge Scudder pointed out, it actually seems quite clear exactly what the defendant pled to. The defendant did plead to dealing in cocaine, the lesser B felony of delivering less than 3 grams of cocaine, is what I should say. The broader statute is dealing, and this is delivery of less than 3 grams of cocaine, which is the only possible lesser-included offense of delivering less than 3 grams of cocaine within 1,000 feet of the school. But regardless, we're on plain error review, and what this court has said is, look, if you want to challenge this in the district court, then it's the government's burden to come forward and introduce all of these Shepard-related documents. But if you're going to wait until the appellate stage, then it's your burden, and the defendant has the same ability that we do to go and try to track down the LaPorte County court reporter who transcribed Mr. Williams' change of plea back in 2009 or whenever it was and show that there's some reason to think that, hey, what the record seems to reflect is wrong. But otherwise, the district court is entitled to presume that he pled to what the statute reveals. There's actually more in the record here than we normally would have because the defendant challenged an entirely separate conviction, his robbery conviction, and it just so happens that those were consolidated for plea purposes. Otherwise, we wouldn't even have the records that we do have. And so as Judge Hamilton pointed out on plain error review, it is the defendant's burden, and the defendant has not met that burden. So on this record, it appears, frankly, plain, the government certainly doesn't claim that the defendant wasn't convicted of delivering less than three grams of cocaine, and that, under Smith, is a qualifying offense. If the court has no further questions, we would rest on the brief and ask that the judgment be affirmed. Thank you, counsel. Just briefly, Your Honors, responding to the government's position on the legal argument, Smith was not an ACCA case. It does not necessarily resolve the question of scope. Rather, it does speak specifically to the visibility of the statute. Only Anderson, the non-precedential order, did deal with it in the ACCA context, and for those reasons, the reasons in his brief, Mr. Williams asks for certification, abeyance, or to reverse and vacate his sentence. Thank you. Thank you, counsel. Thanks to both counsel, and the case is taken under advisement.